UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:07-CR-53-HAB |
| | ) | | 1:20-CV-301-HAB |
| JIMMY SEWELL | ) | | |

**OPINION AND ORDER**

Since his conviction and sentence in 2009, Defendant has proven himself to be a prolific filer. Relevant to the instant matter, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 179) on April 19, 2017. That motion was denied as untimely by this Court. (ECF No. 180). That denial was upheld on appeal. More than three years later, Defendant filed a second § 2255 motion. (ECF No. 255). Both the 2017 and 2020 motions hoe the same row: Defendant argues that this Court improperly considered certain state court convictions at sentencing. That motion has been amended (ECF No. 273) and supplemented (ECF No. 276). What it has not been is authorized by the Seventh Circuit. This is fatal to the motion.

The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only this [appellate] court may authorize the commencement of a second or successive petition. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991. Without authorization to bring the instant § 2255

motion from the Seventh Circuit, this Court has no jurisdiction to consider its merit. Accordingly, the motion is dismissed.

This conclusion also resolves Defendant's repeated requests for counsel. (ECF Nos. 254, 268). Rule 8(c) of the Rules Governing Section 2255 Proceedings provides:

> If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires.

Rule 8(c), 28 U.S.C. § 2255. The requirements of the rule are very clear. If an evidentiary hearing is held, the district court must appoint counsel for an indigent petitioner. When an evidentiary hearing is not held, the district court retains discretion over whether to appoint counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989).

With no jurisdiction to hear the motion, the Court cannot, and will not, hold an evidentiary hearing. Therefore, Defendant has no need for, or entitlement to, appointed counsel. His requests for counsel are denied.

For the foregoing reasons, Defendant's Amended Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 273) is DISMISSED. Defendant's motions for appointment of counsel (ECF Nos. 254, 268) are DENIED.

SO ORDERED on December 21, 2020.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT